UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DIANA VILYEVNA VALENTINI,<br><br>*Plaintiff*,<br><br>v.<br><br>BETH MAXWELL STRATTON, *et al.*,<br><br>*Defendants*. | Civil Action No. 24-00891 (AHA) |

**Memorandum Opinion**

Diana Vilyevna Valentini, a retired federal employee, sues the Internal Revenue Service ("IRS"), Office of Personnel Management ("OPM"), and OPM employee Beth Maxwell Stratton alleging that they missed, and owe her, two retirement payments. The defendants move to dismiss the case for lack of subject matter jurisdiction and failure to state a claim. For the reasons below, the Court grants the defendants' motion to dismiss.

**I.    Background[1]**

Valentini worked at the IRS from 2001 to 2019. ECF No. 1 at 2. In November 2021, she filed for deferred retirement, qualifying her "for an immediate annuity the first day of the month after" she reached the minimum retirement age, *i.e.*, December 1, 2021. *Id.* Valentini alleges that she was entitled to, but never received, a pension payment for December 2021 and that she should have received twelve pension payments in 2022 but received only eleven. *Id.* Valentini made efforts to get an explanation but received none. *Id.* Valentini filed an administrative claim under

---

[1] As required at the pleading stage, the Court accepts the complaint's well-pled allegations as true and draws all reasonable inferences in Valentini's favor. *See Banneker Ventures, LLC v. Graham*, 798 F.3d 1119, 1129 (D.C. Cir. 2015).

the Federal Tort Claims Act ("FTCA") "to receive two missing retirement payments" and the claim was denied. *Id.*

Valentini thereafter filed this pro se action. Her complaint asserts a tort claim, citing the FTCA, and also appears to assert discrimination based on her national origin under Title VII of the Civil Rights Act of 1964. *Id.* at 2–3. Valentini seeks damages equal to the two missing payments and costs. *Id.* at 3. The United States substituted itself as defendant for any common law tort claims, and the defendants together move to dismiss the case for lack of jurisdiction and failure to state a claim under federal rules of civil procedure 12(b)(1) and 12(b)(6).[2]

## II.   Discussion

In reviewing a motion to dismiss for lack of subject matter jurisdiction or failure to state a claim, the Court must accept the factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Tanner-Brown v. Haaland*, 105 F.4th 437, 443 (D.C. Cir. 2024) (subject matter jurisdiction); *Ho v. Garland*, 106 F.4th 47, 50 (D.C. Cir. 2024) (failure to state a claim). The Court first must ensure it has jurisdiction over a dispute; if not, it must dismiss the case. *Lovitky v. Trump*, 949 F.3d 753, 763 (D.C. Cir. 2020); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). In reviewing a pro se complaint, the Court must proceed with extra care, construing the complaint liberally and evaluating it "in light of all filings." *Ho*, 106 F.4th at 50 (quoting *Brown v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 152 (D.C. Cir. 2015)) (quotation marks omitted).

Here, the United States argues Valentini fails to identify any tort claim that can be brought against it and the complaint must therefore be dismissed. ECF No. 11 at 3–4. It is well established

---

[2]   The United States has certified Stratton acted within the scope of her employment during the relevant period. ECF No. 11-1; *see Harbury v. Hayden*, 522 F.3d 413, 416 (D.C. Cir. 2008) (explaining that upon such certification, "the tort suit automatically converts to an FTCA 'action against the United States' in federal court; the Government becomes the sole party defendant; and the FTCA's requirements, exceptions, and defenses apply to the suit") (quoting 28 U.S.C. § 2679(d)(1))).

the United States may be sued only upon consent and that "the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Sherwood*, 312 U.S. 584, 586 (1941); *United States v. Mitchell*, 445 U.S. 535, 538 (1980). Here, Valentini points to the FTCA, which waives the United States' immunity for certain state-law torts committed by federal employees in the scope of their employment. *Harbury*, 522 F.3d at 416. The FTCA does not provide a cause of action. *Hornbeck Offshore Transp., LLC v. United States*, 569 F.3d 506, 508 (D.C. Cir. 2009). Rather, it "allows the United States to be liable if a private party would be liable under similar circumstances in the relevant jurisdiction." *Id.*; 28 U.S.C. § 1346(b)(1) (providing the United States is liable to the extent "a private person[] would be liable to the claimant in accordance with the law of the place where the act or omission occurred"). A plaintiff therefore has a cause of action only if there is "a local private party analog" to the tort claim asserted, such that the claim fits within the FTCA's waiver. *Hornbeck*, 569 F.3d at 508. Here, Valentini has not identified an analogous local tort for what appears to be a benefits dispute.[3]

The defendants also argue that any discrimination claim by Valentini must be dismissed because she failed to exhaust administrative remedies. ECF No. 11 at 4–5. In response, Valentini disclaims any discrimination claim in this case. *See* ECF No. 16 at 2 ("I was not discriminated during my employment, therefore there was no need for me to file discrimination claim with OPM."). She clarifies that her complaint was intended to communicate "that discrimination could

---

[3] Congress has dictated that this type of benefits dispute be channeled to the Merit Systems Protection Board. *See Fed. L. Enf't Officers Ass'n v. Ahuja*, 62 F.4th 551, 555 (D.C. Cir. 2023) (explaining that the Federal Employees' Retirement System Act "channels claims regarding OPM benefits determinations" through the Merit Systems Protection Board with appeal to the Federal Circuit). This is "the exclusive process" for challenges to OPM's calculation of retirement benefits. *Id.* at 558; *see also Fornaro v. James*, 416 F.3d 63, 66 (D.C. Cir. 2005). When, as here, "a claim is 'wholly grounded on a duty' created by a federal statute such that there is no local law that could support liability of a private party for similar actions, the FTCA does not apply" and "sovereign immunity has not been waived." *Hornbeck*, 569 F.3d at 510 (quoting *Johnson v. Sawyer*, 47 F.3d 716, 729 (5th Cir. 1995)).

be the reason" for the defendants' alleged failure to pay her benefits. *Id.* The Court accordingly dismisses any claim under Title VII, insofar as the complaint asserted one.

### III.    Conclusion

For these reasons, the Court dismisses the complaint without prejudice. A separate order accompanies this memorandum opinion.

_____

Date: July 14, 2025

AMIR H. ALI
United States District Judge